IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE FIGUEROA, JOHNNY APONTE, DANIEL APONTE, JOSE TORRES, JOSE MALDONADO, AND SALAS GONZALEZ,<br><br>    Plaintiffs,<br><br>    v.<br><br>WILSON AND DEBBIE DAUGHTRY D.B.A ALLIGATOR RIVER GROWERS,<br><br>    Defendants. | CIVIL NO. 11-1583 (JAG) |

**REPORT AND RECOMMENDATION**

    Plaintiffs in this action are migrant agricultural workers whose permanent place of residence is Puerto Rico. Defendants Wilson and Debbie Gaughtry d/b/a Alligator River Growers operate a farming business located in North Carolina.[1] Alligator River Growers recruited plaintiffs to perform field work on their farm during the 2010 agricultural season and recruited them through the Puerto Rico Department of Labor in Puerto Rico. Plaintiffs aver they bought their plane tickets and traveled from Puerto Rico to North Carolina to work for defendants, who did not reimburse them for the cost of their tickets. About a week after working for defendants, plaintiffs worked for about a week with a group of local African-American workers, the latter were terminated or quit within said week. Another crew of Mexican workers was also employed in the same tasks but the crews were separated

---

[1] The original complaint was filed against Alligator River Farms, LLC. (Docket No. 1). However, the Amended Complaint was filed against Wilson and Debbie Gaughtry d/b/a Alligator River Growers. (Docket No. 21). The Docket of this case shows Alligator River Farms, LLC as a terminated co-defendant.

Case 3:11-cv-01583-JAG   Document 39   Filed 06/25/12   Page 2 of 8

José Figueroa, et al. v. Wilson and Debbie Daughtry d/b/a Alligator River Growers
Civil No. 11-1583 (JAG)
Report and Recommendation
Page No. 2

in the fields. Plaintiffs claim defendants subjected them to harassment and frequent racial epithets because of their origin. Plaintiffs, but not the Mexican crew, were subject to production tests. When attempting to speak with co-defendant Daughtry about the work conditions, the imposed production test and harassment, they were informed that by leaving the field they quit their jobs and were dismissed.

The court referred the motion for change of venue filed by former defendant Alligator River Farms, LLC.[2] to this Magistrate for report and recommendation.[3] (Docket Nos. 9 and 31). Thus, this brief report follows.

---

[2] As indicated in footnote 1, Alligator River Farms, LLC is no longer a party to this case inasmuch as it was not included in the Amended Complaint as a co-defendant and it was terminated. (Docket No. 21). Thus, we will consider the motion for change of venue which was recently referred as having been filed by the present co-defendants, to wit, Wilson and Debbie Gaughtry d/b/a Alligator River Growers because they are represented by the same legal counsel and share common interests.

[3] Notwithstanding referral for report and recommendation, transfers of venue are not one of the named exceptions in 28 U.S.C. § 636(b)(1)(A). An order transferring venue does not address the merits of the parties' claims. *See* Fed.R.Civ.P. 41(b) (stating that an involuntary dismissal "except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits"). Granting a motion to transfer venue does not terminate a case within the federal court system but transfers same to another district court. Thus, court can reject the magistrate judge's ruling on change of venue only if it is clearly erroneous or contrary to law. *See* Williams Advanced Materials, Inc. v. Target Tech. Co., 2007 WL 2245886, at *3 (W.D.N.Y. Aug. 1, 2007) ("An order to change venue is a non-dispositive order that is reviewed under a 'clearly erroneous or contrary to law' standard."); Goel v. Patni Computer Sys., Inc., 2007 WL 1725287, at *2 (C.D. Ill. June 13, 2007) ("Like discovery motions, a motion to transfer venue is a non-dispositive pre-trial matter which is reviewed under the 'clearly erroneous' standard."); Leath v. Florida, 2007 WL 656542, at *1 (N.D.Fla. Feb. 28, 2007) ("Transfers of venue in a case are not one of the named exceptions in the statute or the local rule. Because a transfer of venue does not address the merits of the case but merely changes the forum of an action, it is a non-dispositive matter that is within the province of a magistrate judge's authority." (citation omitted)); Silong v. United States, 2006 WL 948048, at * 1 n. 1 (M.D.Fla. Apr. 12, 2006) ("A motion to transfer venue involves a non-dispositive pretrial matter, which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)."); Shenker v. Murasky, 1996 WL 650974, at *1 (E.D.N.Y. Nov. 6, 1996) ("An order issued by a magistrate judge transferring venue under 28 U.S.C. 1404(a) is non-dispositive."); Holmes v. TV-3, Inc., 141 F.R.D. 697, 697 (W.D.La.1991) ("Since [a Motion to Transfer Venue] is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor is it dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure. *See* Paoa v. Marati, 2007 WL 4563938 (D.Hawaii, 2007).

José Figueroa, et al. v. Wilson and Debbie Daughtry d/b/a Alligator River Growers
Civil No. 11-1583 (JAG)
Report and Recommendation
Page No. 3

## LEGAL DISCUSSION

**A.    Change of Venue under Section 1404.**

Change of venue should be allowed under Section 1404(a), provides:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. §1404(a).

This provision is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. *See* Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239 (1988). Congress adopted this statute "to prevent the waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)(*quoting* Continental Grain Co. v. The Barge F.B.L. 585, 364 U.S. 19, 26 (1960)).[4]

Defendants submit that change of venue is necessary for the convenience of the parties and witnesses, and in the interest of justice, for all pertinent documents and most witnesses are located in North Carolina and will be burdensome to compel them to appear in this district to defend this action. Additionally, defendants aver there is another action already before the United States District Court, Eastern District of North Carolina, where Alligator River Growers is located, which was filed on the same date as this action by

---

[4] Since 1948, federal courts have relied on §1404(a)'s statutory authority when transferring cases between domestic courts. Congress enacted 1404(a) in 1948 permitting a "change of venue" between United States district courts for the "convenience of parties and witnesses."

members of the same crew of agricultural workers as plaintiffs, based upon same facts and asserting many of the same claims.

Plaintiffs filed their opposition to defendants' request for change of venue for there is no clear showing that a change of venue is necessary nor the other action in North Carolina referred by defendants is sufficiently similar to warrant a change of venue under Section 1407. (Docket No. 26). Plaintiffs submit that three of them presently reside in Puerto Rico and the other three plaintiffs are temporarily working in New Jersey with plans to return to Puerto Rico. They consider Puerto Rico as the most convenient forum for the six plaintiffs, who are mostly indigent parties and who would have to travel to North Carolina, and a mere inconvenience to defendants who are the owners of Alligator River Growers, Mr. Wilson and Ms. Debbie Daughtry.

Plaintiffs also consider that defendants, although they had alleged to prefer to personally oversee their daily farm operations, have some fourteen employees with managerial duties who could attend their farm during a temporary absence. As to the need for transportation of business records, plaintiffs state defendants refer to solely fourteen full-time and fifty-eight seasonal employees which should not be sufficiently voluminous to cause defendants significant expense. Additionally, defendants have not identified either which witnesses would need to travel from North Carolina to Puerto Rico and, thus, the burden of witnesses having to travel to Puerto Rico in lieu of plaintiffs having to travel to North Carolina, is insufficient and a mere conclusory allegation.

José Figueroa, et al. v. Wilson and Debbie Daughtry d/b/a Alligator River Growers
Civil No. 11-1583 (JAG)
Report and Recommendation
Page No. 5

---

As to equitable considerations, plaintiffs are mostly indigent parties who are represented by government-funded legal services with limited resources who are unable to travel to North Carolina with their limited income, and who on the first instance were recruited by defendants in Puerto Rico. Thus, defendants cannot be surprised that litigation takes place in this district. Forcing plaintiffs to travel to defend their rights would be not only unduly burdensome but may have a chilling effect on these seasonal workers when an employer does not fulfill its obligation in a location far from their recruitment station.

First and foremost under Section 1404, the burden of proof as to venue rests with the party seeking transfer and there is a strong presumption in favor of plaintiff's choice of forum. *See* Coady v. Ashcraft & Gerel, 223 F.3d 1 (1st Cir. 2000) (*citing* Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839 (1947)); *see also* Astro-Med, Inc. v. Nihon Kohden America, Inc., 591 F.3d 1, 13 (1st Cir. 2009).

In a similar situation to the present case, it was stated that North Carolina's agricultural employers were subject to specific personal jurisdiction of federal district court in Puerto Rico in action brought by Puerto Rican migrant agricultural workers alleging employers violated their rights under Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") during their recruitment efforts in Puerto Rico; even though it was burdensome for employers to appear in Puerto Rico. *See* Villalobos v. North Carolina Growers Ass'n, Inc., 42 F.Supp.2d 131 (D. Puerto Rico 1999); *see also* Bracero v. New Tree Personnel Services, Inc., 441 F.Supp.2d 358 (D. Puerto Rico 2006).

Even upon consideration of other criteria to the Section 1404 change of venue request, such as, the availability of documents, the possibility of consolidation, and the order in which the district court obtained jurisdiction, a mere review shows documents in this case are not onerous to be transported or even to be digitalized for use upon joint agreement, consolidation of the alleged two pending actions is speculative and the order in which the cases were filed would be irrelevant since defendants admitted both were filed on the same day.[5]

Having examined defendants' request for change of venue, plaintiffs' opposition and the particulars as to these claims, this Magistrate Judge considers change of venue is not warranted under Sections 1404 since is one intended for the Court, in exercise of its discretion, to adjudicate said transfer according to "…'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239 (1988) (*quoting* Van Dusen v. Barrack, 376 U.S. 612, 622, 84 S.Ct. 805 (1964)).

**B.      Change of Venue under Section 1407.**

Defendants have generally argued change of venue is proper for there is a similar action against them in the North Carolina by a different crew of workers and for similar

---

[5] The First, Second, and Tenth Circuits maintain substantial support for the first-to-file rule, but they too have left room for discretion. *See* Coady v. Ashcraft & Gerel, 223 F.3d at 11) (noting that the first-filed action is "generally preferred"), quoting Cianbro Corp. v. Curran–Lavoie, Inc., 814 F.2d 7 (1st Cir. 1987). *See* Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc., 626 F.3d 973 (7th Cir. 2010).

José Figueroa, et al. v. Wilson and Debbie Daughtry d/b/a Alligator River Growers
Civil No. 11-1583 (JAG)
Report and Recommendation
Page No. 7

_____

claims. Pursuant to Section 1407, when "civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." Said transfer may be made upon a determination the transfer will be for the convenience of the parties and witnesses and will promote just and efficient conduct of the actions. However, under Section 1407, herein defendants bear a heavy burden that common questions of facts should be so complex and discovery so time consuming the transfer overcomes the inconvenience of the parties. These factors are not present in the above-captioned case for there are no complex issues that occur across multiple jurisdictions and the need to change venue because another case, which may or not be similar, does not meet movant's burden of Section 1407.

## CONCLUSION

In view of the above, this Magistrate Judge recommends defendants' request for change of venue be DENIED. (Docket No. 9).

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). *See also* Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d

José Figueroa, et al. v. Wilson and Debbie Daughtry d/b/a Alligator River Growers
Civil No. 11-1583 (JAG)
Report and Recommendation
Page No. 8

---

985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

San Juan, Puerto Rico, this 25th day of June of 2012.

                                           s/CAMILLE L. VELEZ-RIVE
                                           CAMILLE L. VELEZ-RIVE
                                           UNITED STATES MAGISTRATE JUDGE